IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MARCIA ELAINE WIMBERLY,

    Plaintiff,
v.                                                                  CASE NO. 1:11-cv-211-MP-GRJ

JIM SMITH, et al.

    Defendants.
_____/


## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint and has been granted leave to proceed as a pauper pursuant to 28 U.S.C § 1915. Docs. 1 and 5. The Court directed Plaintiff to file an amended complaint clarifying her claims, and this case is now before the Court for screening of Plaintiff's Amended Complaint, Doc. 6. For the following reasons, the undersigned recommends that this case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

## Plaintiff's Claims

Plaintiff, who presently resides in Dumfries, Virginia, alleges that she is asserting only state-law tort claims in this matter: intentional and negligent infliction of emotional distress. Plaintiff previously worked as a contractor for the State of Florida's Agency for Persons with Disabilities ("APD"), and as a "service provider" and foster parent for the Department of Children and Families ("DCF"). *See* Docs. 1, 6. The named Defendants are APD administrator Jim Smith and DCF administrator Ester Tibbs. Plaintiff's claims

stem from the termination of her services by Defendants. Doc. 6.

With respect to Defendant Tibbs, Plaintiff alleges that in March 2008 Tibbs abruptly froze Plaintiff's foster home status pending a hearing into allegations of neglect of a person with disabilities. Three months later, a DCF child abuse investigator left a card on Plaintiff's door alleging two anonymous reports of physical abuse of 10 foster children who had been in Plaintiff's care, as well as an allegation that Plaintiff abused her own biological child. Plaintiff alleges that her minor daughter was subjected to "grueling, frightening and even threatening interrogation," on two or three occasions. Plaintiff alleges that in October 2008 she received a letter, backdated to May 2008, revoking her Therapeutic Foster Parent License due to a report of neglect. Plaintiff alleges that Tibbs "further inflicted severe emotional injury" upon Plaintiff by failing to notify Plaintiff of a hearing and grievance procedure. Doc. 6 at 3.

Plaintiff alleges that Defendant Smith abruptly "decertified" her and stripped her of her position and certification as a Medicaid Provider Support Coordinator in March 2008. Plaintiff also alleges that Smith "further inflicted severe emotional injury" upon her by neglecting to inform Plaintiff of a "formal and proper grievance procedure." *Id*. at 4.

Plaintiff alleges that she suffered severe emotional distress, disability, and pain and suffering, for which she seeks a total of $4 million compensatory and $4 million punitive damages. *Id*. at 5.

## Standard of Review

Pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) governing proceedings *in forma pauperis*, the Court shall dismiss a case at any time if the Court determines that the

action fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

As to Plaintiff's state-law tort claims, Florida courts have explained that a claim for intentional infliction of emotional distress has four elements: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct by the defendant; (3) the conduct caused the emotional distress; and (4) the emotional distress was severe. *See, e.g., Thomas v. Hospital Bd. of Directors of Lee County*, 41 So.3d 246, 256 (Fla.2d Dist.Ct.App.2010); *Stewart v. Walker*, 5 So.3d 746, 749 (Fla.4th Dist.Ct.App.2009). To demonstrate that the defendant engaged in outrageous conduct, the plaintiff must show

that the defendant's actions were " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla.1985) (quoting Restatement (Second) of Torts § 46 (1965)).

With respect to Plaintiff's claim for negligent infliction of emotional distress, in Florida such claims are governed by the "impact rule" designed to assure the validity of claims for emotional distress. *Int'l Ocean Tel. Co. v. Saunders*, 32 Fla. 434, 14 So. 148 (Fla.1893). The impact rule requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *Southern Baptist Hosp. of Fla. v. Welker*, 908 So.2d 317 (Fla. 2005). The judicially-created rule attempts to safeguard the court from fictitious and speculative claims arising from purely emotional distress. *Id.* Though the court recognizes exceptions to the impact rule, these exceptions arise in extraordinary circumstances where "the foreseeabliity and gravity of the emotional injury involved, and the lack of countervailing policy concerns, have surmounted the policy rational undergoing application of the impact rule*." Rowell v. Holt*, 850 So.2d 474, 478 (Fla.2003).

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

Case No: 1:11-cv-211-MP-GRJ

## Discussion

Plaintiff's amended complaint makes clear that she seeks only to assert state-law tort claims in this case. Plaintiff has therefore alleged no violation of her constitutional rights that would be cognizable under § 1983.

Further, Plaintiff's allegations plainly fail to allege cognizable claims under state tort law. While Plaintiff's allegations support a conclusion that the events underlying her termination were personally distressing to her, even liberally construed the allegations of the complaint do not establish that the Defendants' actions were outrageous, extreme, atrocious, or utterly intolerable, such as is required to establish the "outrageous conduct" element of an intentional-infliction-of-emotional-distress claim. *See Metropolitan*, 467 So.2d at 279 ("Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'") (quoting *Restatement (Second) of Torts § 46* (1965)). Plaintiff's factual allegations establish, at most, that Defendants failed to advise her of grievance or appeal rights she may have had in connection with her termination following the abuse allegations against her.

Plaintiff has failed to allege any facts suggesting that her emotional distress flowed from a physical injury, as is required to establish a negligent-infliction-of-emotional-distress claim in Florida. Plaintiff has alleged no facts suggesting that her claims present "extraordinary circumstances" such that they fall outside the narrow circumstances recognized as exceptions to Florida's impact rule. *See, e.g., Rowellt*, 850 So.2d at 478 (recognizing exception where there is direct causal link from clearly negligent act and resultant emotional injury). Apart from conclusional assertions,

Plaintiff has alleged no facts showing that Defendants acted negligently in responding to the abuse allegations against her.  On the facts alleged, any connection between Defendants' actions and Plaintiff's alleged emotional harm is tenuous at best.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this 6th day of March 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**